RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the denial of Gerald L. Loper’s motion for relief from the trial court’s order of April 13, 1994, and/or to alter, amend, or vacate said order.
Our review of the record reveals the following pertinent facts: Charles McKnight and several other owners of residential property in the Dresden Subdivision Unit Three (subdivision), located in Mobile County, Alabama, filed a petition for injunctive relief and other equitable relief.
In the petition McKnight contended that when Loper purchased a lot in the subdivision, there were certain restrictive covenants on file in the probate office of Mobile County, Alabama. McKnight further alleged that these restrictive covenants were valid and were in full force and effect and that Loper was aware of these restrictive covenants at the time of his purchase. McKnight also contended that Loper erected a structure on his lot which was in violation of the restrictive covenants of the subdivision and that Loper refused to remove the structure upon request. Consequently, this cause of action resulted.
On March 25, 1993, the parties appeared before the trial court. At that time the parties discussed the terms of a settlement agreement, regarding Loper’s modification of the structure within 15 months to comply with the restrictive covenants. We would note that the discussion of the terms of the settlement agreement by the parties was transcribed by a court reporter. When the hearing was adjourned, the trial court direct *283 ed the parties to submit to the trial court for execution of an order memorializing the settlement agreement reached in open court.
A transcript of the settlement hearing was ordered. On June 11, 1993, each party submitted a proposed order to the trial court for execution. The two proposed orders were the same, except for the wording of paragraph four.
Thereafter, the trial court delayed entry of an order while the United States Army Corp of Engineers conducted an independent review of the matter. On April 13, 1994, the trial court issued an order in this matter.
Loper filed a motion for relief from judgment and/or to alter, amend, or vacate said order. After a hearing the motion was denied.
Loper appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court committed reversible error when it issued the order dated April 13, 1994.
Loper contends that when the trial court issued the April 13,1994, order, it denied him procedural due process because, he says, the order took his property without affording him prior notice and an opportunity to be heard. Loper also contends that the trial court’s interpretation of the terms of the restrictive covenant were plainly and palpably erroneous. For the reasons set out below, we do not agree.
As noted above, the parties appeared before the trial court on March 25, 1993, and discussed the terms of a settlement agreement. Thereafter, each party submitted a proposed order to the trial court memorializing the terms of the settlement agreement. The wording of the two proposed orders was the same, except for the wording of paragraph four.
The order which the trial court executed on April 13, 1994, was the proposed order submitted by McKnight. Paragraph four of the order executed on April 13, 1994, provides the following:
“4. That [Loper] shall, within fifteen (15) months from March 25, 1993, do one of the following:
“(a) remove the building on top of the pilings located as an extension of his lot;
“(b) remove the walls of the second story, and bring the roof down to the floor line of the existing structure;
“(c) bring the roof down to the floor line of the existing structure, leaving three (3) walls, but the use of the building shall be restricted from use as a residence, and to use only as a covered boathouse or storage of a boat or boats, and other related storage.”
We would note that when the trial court executed the order on April 13, 1994, it had before it both of the proposed orders, as well as a transcript of the discussion of the terms of the settlement agreement. Additionally, the trial judge was present during the discussion of the terms of the settlement agreement.
In Hanson v. Hearn, 521 So.2d 953, 954 (Ala.1988), our supreme court stated: “a consent judgment is in the nature of a contract or a binding obligation between parties and can be set aside only upon a showing of fraud or mistake.” The question which must be decided in this ease is whether the parties entered into an agreement in open court and, if so, what were the terms of their agreement.
Our review of the transcript of the March 25, 1993, hearing reveals the following in regard to the basic terms of the settlement agreement: (1) There exists valid restrictive covenants for the subdivision which are in full force and effect. (2) Loper is in violation of these restrictive covenants because he built a two-story structure over the water for the intended use as a temporary residence. (3) Loper was given a period of 15 months from the date of the March 25, 1993, hearing to correct the violations and to come into compliance with the restrictive covenants.
Thereafter, there was a discussion as to how Loper was to come into compliance with the restrictive covenants. McKnight stated that the parties had agreed that Loper was to remove the walls and bring the roof down *284 to one story. When the parties first began to discuss how Loper was to come into compliance with the restrictive covenants, Loper wanted the order to simply state that he had 15 months to come into compliance, without defining exactly how compliance was to be accomplished. Loper fought to keep his options open, and, in particular, he wanted to have the option to lower the existing residential structure to one story. Ultimately, the following exchange took place during the March 25, 1993, hearing:
“MR. LOPER: What they’re saying is there’s to be no walls on the building.
“MR. FRIEDLANDER [McKnight’s attorney]: Is it satisfactory to you to put those provisions as Mr. MeKnight stated?
“MR. LOPER: I say I will comply under those agreements but with my statement made that they’re not letting me exercise my option to come under compliance any other way. I will agree to what they’re saying.”
(Emphasis added.)
In view of the above, it appears that Loper agreed before the trial court to the terms desired by MeKnight. ^Therefore, we cannot say that the trial court erred when it executed the order submitted by MeKnight.
In addition, we would note that Loper filed a motion to extend time for compliance with the trial court’s order of April 13,1994, which would tend to indicate that Loper recognized the validity of said order.
The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.